**STATE of Missouri, Respondent,**

v.

**Jimmy DEWITT, Appellant.**

No. 68808.

Missouri Court of Appeals, Eastern District, Division One.

June 11, 1996.

Douglas A. Forsyth, Clayton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David G. Brown, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Jimmy Dewitt (defendant) appeals convictions of four counts of sexual abuse first degree. He was sentenced to a total of ten years in the Missouri Department of Corrections. We affirm.

Defendant was the stepfather of two young girls, ages 16 and 12 at the time of trial. At the time of the alleged sexual abuse, defendant was unemployed and stayed at home. The state alleged defendant would assault. the two girls every time Mother was away at work over a period of five years. He was charged with the following:

Count I—forcible sodomy

Count II—sexual abuse first degree

Count III—sexual abuse first degree

Count IV—forcible sodomy

Count V—sexual abuse first degree

Count VI—sexual abuse first degree

He and twelve other defense witnesses testified. Defendant denied the charges against him and presented evidence of his "honest" and "good guy" reputation. A jury found him guilty on Counts II, III, V, and VI, the sexual abuse charges, and acquitted him on Counts I and IV, the sodomy charges.

■ Defendant raises two points on appeal. Both are reviewable only as claims of plain error because defense counsel failed to object at trial and did not address the issues in a motion for new trial.

■ First, defendant challenges the sufficiency of evidence with regard to the four sexual abuse counts. Specifically, he contends: (1) their testimony is replete with gross inconsistencies which triggered the "corroboration rule" and there was no corroboration; and (2) one complaining witness lied about the sexual abuse because she resented him for refusing to allow her to date boys.

We review the evidence and reasonable inferences in the light most favorable to the state and disregard any evidence and inferences to the contrary. *State v. Silvey*, 894 S.W.2d 662, 673 (Mo. banc 1995). There must be sufficient evidence from which a reasonable juror might have found defendant guilty beyond a reasonable doubt. *Id.*

In sexual abuse cases, a complaining witness' testimony alone will sustain a conviction even if uncorroborated. *State v. Sladek*, 835 S.W.2d 308, 310 (Mo. banc 1992). However, corroboration is required only when a complaining witness' testimony is so contradictory and in conflict with the physical facts, surrounding circumstances and common experience, that its validity is rendered doubtful. *Id.* Moreover, the gross inconsistencies in a complaining witness' testimony must go directly to the essential elements of the case. *State v. Marlow*, 888 S.W.2d 417, 422 (Mo.App. W.D.1994).

At best, defendant has only shown inconsistencies between the girls' testimony and their out-of-court statements. He also argues that inconsistencies exist between the girls' testimony and other witnesses. The corroboration rule does not apply when a complaining witness' testimony is inconsistent with prior out-of-court statements. *State v. Creason*, 847 S.W.2d 482, 485 (Mo. App. W.D.1993). Nor does it apply to inconsistencies between a complaining witness' testimony and those of other witnesses. *Id.* The minor inconsistencies or contradictions in the girls' testimony are inconsequential in nature and have no bearing on the essential elements of the case.

Defendant claims the older girl has repeatedly lied on previous occasions and is now lying about the sexual abuse. Although she admitted she occasionally lied, "not about serious things" but rather about "little bitty things that really didn't even matter," this is a credibility issue. The credibility of witnesses and the effects of conflicts or inconsistencies in their testimony are matters for the jury. *State v. Davis*, 824 S.W.2d 936, 941 (Mo.App.1992). The minor discrepancies and conflicts defendant points to invoke the issue of credibility, not to the sufficiency of the evidence. Point denied.

Second, defendant contends the trial court erred in instructing the jury to continue deliberation after it had reached a verdict on Counts I and IV. He argues the trial court failed to declare a mistrial on the remaining counts thus, rendering the jury's verdict on the sexual abuse charges a product of coercion.

The trial court is in the best position to determine whether a mistrial is appropriate. *State v. Starks*, 820 S.W.2d 527, 528 (Mo.App.1991). It has broad discretion when giving the hammer instruction. *Id.* A verdict will not be overturned merely because the hammer instruction is read to the jury. *State v. Anderson*, 698 S.W.2d 849, 853 (Mo. banc 1985). The trial court does not have to accept the jury's claim that it is deadlocked. *State v. Snider*, 869 S.W.2d 188, 192 (Mo.App. E.D.1993).

Here, the jury retired to deliberate at 10:10 a.m. on April 20, 1995. At 1:40 p.m., the foreman returned with a note stating, "We have been through each count twice completely and the jury cannot reach a verdict on any one of the counts. What should we do? We are hopelessly deadlocked." Without objection by either party, the trial court ordered the jury to continue its deliberation. At 4:03 p.m., the jury returned to the courtroom, at which time the trial court read the hammer instruction. At 4:50 p.m., the foreman returned with another note, "We understand the desire for a verdict, and we have been able to reach such on Counts I & IV. As to the remaining, we unanimously believe that no verdict can be reached. On Counts III & II split 9–3. On VI 11–1." The trial court then dismissed the jury for the day and asked it to return the following day to continue deliberations. On April 21, 1995, the jury resumed deliberations at 9:15 a.m. At 11:05 a.m., the foreman again returned with a note indicating it could not come up with a unanimous decision on any of the six counts including Counts I and IV because the votes had changed overnight. The trial court indicated it wanted to declare a mistrial. It asked whether any of the attorneys objected. The state responded

"no." Defense counsel wanted deliberations to continue. The trial court ordered the deliberations continue. At 4:00 p.m., the jury returned verdicts finding the following: Counts I and IV, not guilty, Counts II, III, V and VI, guilty.

Defendant's argument is without merit. Defense counsel failed to object when the hammer instruction was given. Moreover, he requested deliberation to continue even though the trial court wanted to declare a mistrial. He now requests a new trial because he received unfavorable verdicts when he risked continued deliberation. Defendant cannot decide to gamble on a verdict, then reap the benefits of a new trial when the verdict is unfavorable. Under these circumstances the error was by defendant, not the court. Moreover, defendant has not articulated facts to demonstrate how the verdicts were coerced. Point denied.

We affirm.

REINHARD, P.J., and GRIMM, J., concur.